UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

Unitil Corporation and Northern Utilities, Inc. d/b/a Unitil,

    *Plaintiffs*,

v.

Utility Workers Union of America, Local 341,

    *Defendant*.

Civil Action No. 2:16-cv-00443-JAW

## ANSWER AND COUNTERCLAIM
## OF DEFENDANT UTILITY WORKERS UNION OF AMERICA, LOCAL 341

### ANSWER

### NATURE OF THE CASE

1. Admitted in part and denied in part. Answering paragraph 1 of the Application to Vacate, the Defendant, Utility Workers Union of America, Local 341 (the "Union") admits that an arbitrator found that Plaintiff Unitil Corporation and Northern Utilities, Inc. d/b/a Unitil (collectively the "Company") violated the collective bargaining agreement between the Union and the Company (the "Agreement") and that an arbitrator ordered the Company to cease and desist from assigning work in violation of the Agreement. Further answering paragraph 1, the Union denies all averments, including, but not limited to statements about the "temporary" status of the employees in question.

2. Denied.

3. Denied.

## PARTIES

4. Admitted.

5. Admitted.

6. The Union admits the allegations of the first sentence of paragraph 6 and the allegation that it is the authorized representative for certain Company employees. Answering further the Union denies the remaining allegations of paragraph 6.

## JURISDICTION AND VENUE

7. Admitted in part and denied in part. Answering paragraph 7 of the Application to Vacate, the Union admits the Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Further answering paragraph 7 of the Application to Vacate, the Union denies the Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

8. Admitted.

## BACKGROUND FACTS

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

RELIEF

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to allege a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**COUNTERCLAIM FOR CONFIRMATION OF ARBITRATION AWARD**

PARTIES

1. Plaintiff, Utility Workers Union of America, Local 341 (the "Union") hereby applies and moves that the Court confirm the July 28, 2016 arbitration decision (the "Award") submitted as Company's Exhibit E.

2. The Union is a labor organization representing employees throughout Maine and New Hampshire in an industry affecting commerce as defined in 29 U.S.C. § 152, including a bargaining unit of employees employed by Defendants, Unitil Corporation and Northern Utilities, Inc. d/b/a Unitil (collectively the "Company").

3. Defendant Unitil Corporation ("Unitil") is a public utility holding company.

4. Defendant Northern Utilities, Inc. d/b/a Unitil ("Northern") is a utility affiliate of Unitil Corporation.

5. Northern is currently, and was at all relevant times, doing business within the jurisdiction of this Court.

6. The Company is an employer in an industry affecting commerce and is engaged in commerce within the meaning of 29 U.S.C. § 152.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

8. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 because the work to which the Award relates occurred in Maine, the Union represented employees in Maine, and the arbitration was held in Maine.

## FACTS

9. The Union and the Employer are parties to a collective bargaining agreement (the "Agreement") that was in effect at all relevant times and that provides for arbitration of disputes arising thereunder.

10. The Agreement includes a binding arbitration procedure. See Company's Exhibit A, Agreement at 44, PageID# 53. The Agreement says, "[t]he decision of the arbitrator shall be final and binding on both parties and shall have the same force and effect as a judgment of law."

11. On May 17, 2016, in Portland, Maine, the parties held an arbitration before Arbitrator Beth Anne Wolfson (the "Arbitrator") to resolve the agreed-upon issue of whether the Company violated the Agreement.

12. On July 28, 2016, the Arbitrator submitted to the parties her decision that the Company did violate the Agreement and ordered the employer to "cease and desist from violating the collective bargaining agreement." Company's Exhibit E, Award at 23, PageID# 98.

13. Despite its commitment to be bound by Arbitrator's decision, the Company has not complied with the Arbitrator's order and has done so without justification.

## RELIEF

14. The Union respectfully requests that this Court:

    a. Confirm and enforce the Arbitrator's Award.
    b. Order the Employer to pay the Union its cost and reasonable and necessary attorney's fees in this matter, and;
    c. Issue such other relief as this Court may determine is just and proper.

Respectfully submitted,
**UTILITY WORKERS UNION OF AMERICA, LOCAL 341**
By its Attorney,

    */s/ Paul F. Kelly*
Paul F. Kelly
BBO#267000
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
617-742-0208 ext.228

October 31, 2016                                              pkelly@segalroitman.com