UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Unitil Corporation and Northern Utilities, Inc. d/b/a Unitil, § § | |
| *Plaintiffs*, § | |
| § | Civil Action No. 2:16-cv-00443-JAW |
| v. § | |
| § | |
| Utility Workers Union of America, Local 341, § § | |
| *Defendant*. § | |

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiffs Unitil Corporation and Northern Utilities, Inc. d/b/a Unitil (collectively the "Company") hereby answer defendant's "Counterclaim for Confirmation of Arbitration Award" (the "Counterclaim") as follows:[1]

---

[1] Plaintiffs are submitting an "answer" rather than an "objection" because defendant filed an "answer and counterclaim" to plaintiffs' application/motion to partially vacate a July 28, 2016 arbitration award (the "Award"), rather than an objection and cross-motion/application to confirm the Award. *See Paper, Allied-Industrial, Chemical, and Energy Workers International Union, Local 1-9 AFL-CIO v. S.D. Warren Co.*, 2004 U.S. Dist. LEXIS 22807 *4 (D. Me. Nov. 10, 2004). Notwithstanding, for the reasons set forth in plaintiffs' motion/application to partially vacate the Award [Doc. 1], plaintiffs object to the defendant's pleading to the extent it seeks to confirm that portion of the Award: (a) finding that the Company violated an April 2012-March 2017 Agreement By and Between Northern Utilities, Inc., Granite State Gas Transmission, Inc. and the Utility Workers Union of America, Local No. 341 (the "Agreement") by assigning construction inspection work to temporary employees; and (b) ordering the Company to cease and desist from assigning such work to temporary employees. The Award should not be confirmed on this issue because the arbitrator lacked authority to decide whether the Company violated the Agreement by hiring and using non-bargaining unit *employees* to perform construction inspection work because the only question submitted to her was whether the Company violated the collective bargaining agreement by *subcontracting* certain work, including construction inspection work (and she correctly found that the Company did not violate the Agreement by "contracting out work"). *See Courier-Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 281 (1st Cir. 1983) (an arbitrator "lacks authority to decide questions the parties have not agreed to submit to him" and "Courts will not enforce awards exceeding the authority conferred in the submission"). *See also Int'l Union of Electrical, Radio, Machine Workers AFL-CIO v. General Electric Co.,* 429 F.2d 412, 413-14 (1st Cir. 1970) (issues not first raised at the grievance stage are not arbitrable because they were not "the subject of a 'fully

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

1. Plaintiffs admit that defendant seeks confirmation of a July 28, 2016 Award.

2. Admitted, expect plaintiffs deny that Unitil Corporation employs members of the bargaining unit.

3. Admitted.

4. Admitted.

5. Admitted.

6. Paragraph 6 is a legal conclusion that requires no response.

7. Paragraph 7 is a legal conclusion that requires no response. However, plaintiffs do not contest the Court's subject matter jurisdiction.

---

processed' grievance" and a discussion "during the grievance hearing about [issues] not specified in the written grievance does not enlarge the scope of permissible arbitration" because the "contract does not provide for oral enlargement of a grievance" and any written "amendments [to the grievance] require consent" of all parties); *New England Joint Bd. Retail, Wholesale & Department Store Union, AFL-CIO v. Decatur & Hopkins Co.*, 677 F. Supp. 657, 660 (D. Mass. 1987) (an arbitrator lacks "authority to decide questions that parties have not agreed to submit to him" and "Courts will vacate a decision beyond the scope of the issues submitted, as such an award exceeds the powers conferred on the arbitrator by the parties"); *Maine Central Railroad Co. v. Brotherhood of Maintenance of Way Employes*, 663 F. Supp. 425, 429 (D. Me. 1987) (arbitrators cannot resolve issues not submitted to them).

Moreover, even if the issue of whether the Company violated the Agreement by assigning construction inspection work to temporary employees had been submitted to her by the parties (it was not), the arbitrator made a manifest error of law in ordering that the Company cease and desist from assigning any and all "construction inspection work to temporary, non-bargaining unit employees" because she disregarded or modified an unambiguous provision of the Agreement providing that the Company may hire "temporary employees" to "fill temporary jobs *such as seasonal construction*" jobs. Doc. 1, Exhibit A (Article IV, Section 3) (emphasis added). *See* Exhibit A (Article XIV, Section 2) ("The arbitrator shall have no power to add to, or subtract from or otherwise modify the terms of this Agreement"). *See also Poland Spring Corp. v. United Food & Commercial Workers Int'l Union*, 314 F.3d 29, 33 (1st Cir. 2002) ("If the language of an agreement is clear and unequivocal, an arbitrator cannot give it a meaning other than that expressed by the agreement"); *Maine Central Railroad Co.*, 663 F. Supp. at 429 (a "manifest error" occurs "if the arbitrator[] undertake[s] to disregard or modify the unambiguous provisions of the underlying collective bargaining agreement").

8. Paragraph 8 is a legal conclusion that requires no response. However, plaintiffs do not contest venue.

9. Plaintiffs admit that the Union, Northern, and Granite State Gas Transmission, Inc. ("GSG") are parties to an April 2012-March 2017 collective-bargaining agreement (the "Agreement"), and that the Agreement has a grievance and arbitration procedure.

10. Plaintiffs admit that the Agreement has a grievance and arbitration procedure.

11. Plaintiffs admit that the "parties held an arbitration before Arbitrator Beth Anne Wolfson" on May 17, 2016 to resolve an "agreed-upon issue," but deny that the "agreed-upon issue" was "whether the Company violated the Agreement." In fact, the "agreed-upon issue" was whether the Company violated the Agreement "by using contractors rather than bargaining unit employees to perform the work set out in the [Union's] April 24, 2015 grievance." Award [Doc. 1-5] at 2.

12. Plaintiffs admit that the arbitrator found, in part, that the Company violated "the collective bargaining agreement by assigning construction inspection work to temporary, non-bargaining unit employees" and directed it to "cease and desist from … assigning … construction inspection work to temporary, non-bargaining unit employees." However, this finding was improper (and incorrect) because that issue had not been submitted to her.

13. Denied.

14. Plaintiffs deny that defendant is entitled to any relief for the averments in its Counterclaim. Except as expressly admitted above, plaintiffs deny each and every averment of the Counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to its general denial, and without admitting or conceding that it has the burden of proof with respect to any such defense, plaintiffs state as follows:

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. Unitil Corporation is not a proper party to defendant's counterclaim.

3. The arbitrator lacked authority to decide whether the Company violated the Agreement by hiring and using non-bargaining unit *employees* to perform construction inspection work because the only question submitted to her was whether the Company violated the collective bargaining agreement by *subcontracting* certain work, including construction inspection work.

4. The arbitrator made a manifest error of law in ordering that the Company cease and desist from assigning any and all "construction inspection work to temporary, non-bargaining unit employees" because she disregarded or modified an unambiguous provision of the Agreement providing that the Company may hire "temporary employees" to "fill temporary jobs *such as seasonal construction*" jobs.

5. Plaintiff do not and have not used "temporary employees" to perform construction inspection work.

6. The construction inspection work at issue is not bargaining-unit work.

7. Defendant failed to exhaust its administrative remedies or otherwise failed to comply with the procedural requirements for asserting its counterclaim.

8. Defendant may not recover any attorney's fees or costs.

9. Plaintiffs reserve their rights to amend their answer and assert and rely upon such other and further defenses as may be supported by facts to be determined.

WHEREFORE, plaintiffs respectfully request that defendant's Counterclaim be dismissed with prejudice, that plaintiffs be awarded their costs and attorney's fee incurred in defending this Counterclaim, as well as all other proper relief to which they may be entitled.

    Respectfully submitted,

    UNITIL CORPORATION AND NORTHERN UTILITIES, INC. D/B/A UNITIL

    By Their Attorneys,
    SULLOWAY & HOLLIS, P.L.L.C.

DATED: November 21, 2016    By: /s/ William D. Pandolph, Esq.
    William D. Pandolph, Esq.
    9 Capitol Street
    Concord, NH 03301
    (603)224-2341
    e-mail: wpandolph@sulloway.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 21, 2016.

DATED: November 21, 2016    By: /s/ William D. Pandolph, Esq.
    William D. Pandolph, Esq.

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

{C1501029.1}      -5-