UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Unitil Corporation and Northern Utilities, Inc. d/b/a Unitil, <br>      *Plaintiffs*, <br><br>   v. <br><br> Utility Workers Union of America, Local 341, <br>      *Defendant*. | Civil Action No. 2:16-cv-00443-JAW |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS
(WITH INCORPORATED MEMORANDUM OF LAW)**

In the present case: (a) the Union's April 2015 grievance alleged that "*contractor[s]* [were] performing" certain "bargaining unit work" in "violation of [the] contract" [Doc. 1-2; emphasis added]; (b) the Union's November 2015 demand for arbitration asserted that "*contractors* [were] performing bargaining unit work in violation of [the] contract" [Doc. 1-4; emphasis added]; (c) counsel for the Union stipulated at the May 2016 arbitration hearing that the sole substantive issue to be determined by the arbitrator was whether the Company "violate[d] the collective bargaining agreement by using *contractors* to perform the work set out in the April 24, 2015 grievance" [Doc. 1-5; emphasis added]; (d) the arbitrator acknowledged in her July 2016 "Decision & Award" (the "Award") that the sole substantive issue before her was whether the Company "violate[d] the collective bargaining agreement by using *contractors* to perform the work set out in the April 24, 2015 grievance" [Doc. 1-5; emphasis added]; and (e) the arbitrator found that the Company's use of *contractors* did not violate the contract. *Id.* Notwithstanding, the Union now asks the Court to confirm the arbitrator's further edict that the

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

Company may not assign "construction inspection work to temporary, non-bargaining unit *employees*." Doc. 1-5 at 23 (emphasis added). The Union's request must be denied.

1. The Arbitrator Improperly Decided An Issue Not Submitted To Her

In its post-hearing brief, the Union implicitly acknowledged that the issue of whether the Company's use of temporary *employees* violated the subject collective bargaining agreement was *not* encompassed by the stipulated issue before the arbitrator by attempting to broaden and reframe the stipulated issue as being whether the Company "violated the Agreement by transferring bargaining unit work to contractoes [sic] *and employees outside of the unit*." Union Arbitration Brief at 10 (emphasis added).

While the Union attempts to do the same thing in its motion for judgment on the pleadings by suggesting that the issue before the arbitrator was whether the Company violated the agreement by "utilizing *non-Union workers* to perform Construction Inspection work" (Union Motion at 3; emphasis added), it ultimately concedes that, notwithstanding the stipulated issue, the arbitrator "concluded that … the Union's grievance about 'contractors' was [really a grievance] about 'temporary employees'" and thus addressed that issue.[1] Union Motion at 9.

However broad the arbitrator's authority otherwise may be, she was not permitted to do that. *See Courier-Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 281 (1st Cir. 1983) (an arbitrator "lacks authority to decide questions the parties have not agreed to submit to [her]" and "Courts will not enforce awards exceeding the authority conferred in the submission").

---

[1] During the relevant time period, the Company used Tri-Mont Engineering and three individuals employed by Adecco (John Courtemanche, William Leatham and Joseph McSheffery) to perform construction inspection work. The underlying assumption of the Union's argument is that the Adecco construction inspectors were employees of the Company, which is disputed. This issue was not addressed by the Company at the arbitration hearing because the arbitration concerned the Company's use of contractors to perform certain work, not the Company's use of "non-union" employees.

*See also Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583 (5th Cir. 1980) (an "arbitrator's authority is circumscribed by the arbitration agreement, and [she] can bind the parties only on issues that they have agreed to submit to [her]"); *Frederick Meiswinkel, Inc. v. Laborer's Union Local 261*, 744 F.2d 1374, 1377 (9th Cir. 1984) ("It is of course fundamental that an arbitrator may decide only those issues submitted to arbitration, and that courts will refuse to enforce an award when the arbitrator exceeds its power"); *Maine Central Railroad Co. v. Brotherhood of Maintenance of Way Employes*, 663 F. Supp. 425, 429 (D. Me. 1987) (an arbitrator "may decide only those questions" submitted to her by the parties); *Local 1837, International Brotherhood of Electrical Workers, AFL-CIO v. Maine Public Service Co.,* 579 F. Supp. 744, 752 (D. Me. 1984) (a "labor arbitration award will be enforced … only as to *issues actually submitted*"). Notably, the Union fails to cite to any legal authority for the proposition that, where the parties have stipulated to the issue to be decided by an arbitrator, she may decide another issue.

2. <u>Contractors And Employees Are Not The Same</u>

Undeterred, the Union argues that the term "contractor" and "temporary employee" are synonyms having no difference in meaning. Union Motion at 10. As such, it maintains that when the stipulated issue specifically asked the arbitrator to determine whether the Company violated the collective bargaining agreement by using contractors, it was necessarily also asking her to determine whether the Company violated the agreement by using temporary employees. This is incorrect. As the many cases concerning whether employees have been misclassified as contractors demonstrate, the term "contractor" is very different from the term "employee."[2] *See*

---

[2] It is unclear why the Union believes the word "temporary" has some significance in this context.

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

29 U.S.C. § 152(3) (under the National Labor Relations Act, the "term employee … shall not include … any individual having the status of an independent contractor"). Moreover, the question of whether the Company may use contractors to perform certain work is governed by different contractual provisions and legal principles than the question of whether the Company may use "temporary, non-bargaining unit employees" to perform such work. *Compare* Agreement, Article II, Section 1 ("The Company recognizes the [Union] to be the exclusive representative of employees of the Company") and Agreement, Article IV, Section 3 (providing that the Company may use "temporary employees" to "fill temporary jobs such as seasonal construction" jobs) with Agreement at 46 (providing that "qualified contractors" may install gas piping and make certain "connections and tie-ins" and referencing "Contractor Policy") and Agreement at 58 (discussing work assigned to "contractors"). *See also* Company Brief at 23-30 (discussing the law regarding the use of contractors).

3. The Union's Actual Grievance Is Determinative

Even so, the Union asserts, its "non-attorney union representatives" cannot be held accountable for their poor "word choice, using 'contractor' rather than 'temporary employee'" in their grievance (Union Motion at 10), but cites no law for the proposition that the Company may not rely on the issue set forth in the grievance as filed. *Compare International Union of Electrical, Radio, Machine Workers AFL-CIO v. General Electric Co.,* 429 F.2d 412 (1st Cir. 1970) (issues not first raised at the grievance stage were not arbitrable because they were not "the subject of a 'fully processed' grievance"). Moreover, the Union's attorney stipulated to the same issue at the arbitration hearing.

## 4. The Scope Of The Arbitration Was Not Expanded

Likewise, the Union's argument that since the Company produced discovery regarding the Adecco construction inspectors and the Union offered evidence regarding the Adecco construction inspectors at the hearing, then, notwithstanding the narrow scope of the stipulated issue, the Company was on notice that whether it could use "temporary employees" to perform construction inspection work was now an issue in the arbitration is baseless. Among other reasons, the Union cites no authority for the proposition that a stipulated issue can be expanded in such fashion without the Company's express agreement/consent. *Compare General Electric Co.,* 429 F.2d at 412 (a discussion "during the grievance hearing about [issues] not specified in the written grievance does not enlarge the scope of permissible arbitration" because the "contract does not provide for oral enlargement of a grievance" and any written "amendments [to the grievance] require consent" of all parties).

Whether the Company "violated the Agreement by transferring bargaining unit work to … employees outside of the unit" was not part of the Union's grievance, and the Company did not consent to any amendment to the grievance. Indeed, the Company expressly stated that the issue before the arbitrator was not "whether construction inspection work may be assigned to temporary employees" pursuant to Article IV, Section 3 of the Agreement. Company Brief (Application Exhibit F) at 34.[3] This sufficiently stated the Company's position on this issue and it was not required to do anything further "once it saw the Union's argument in its post-hearing brief."

---

[3] The Company made reference to Article IV, Section 3 of the Agreement (providing that the Company may use "temporary employees" to "fill temporary jobs such as seasonal construction" jobs) as part of its argument that that the Union was not harmed by the Company's use of contractors to perform certain work because it could have used non-bargaining unit, temporary employees to perform such work.

In this regard, it cannot be overstated that because the issue before the arbitrator related solely to contractors, the Company did not offer evidence or argument at the arbitration hearing about, *inter alia*, what the term "temporary employees" means (*e.g.*, does it mean only employees on the Company's payroll or also employees supplied by a staffing agency) and what work "temporary employees" may perform under Article IV, Section 3 of the Agreement, as well as past practices and prior negotiations concerning Article IV, Section 3 of the Agreement. As such, under the circumstances, it would be manifestly unfair to allow a determination to stand on an issue which the Company did not have a full and fair opportunity to arbitrate.

5. <u>The Award Concerning Temporary Employees Was Not Limited To The Adecco Construction Inspectors</u>

In a last ditch effort to save the disputed portion of the Award, the Union asserts that "the Arbitrator did not decide that the Company could not utilize 'temporary employees' [to perform construction inspection work]; rather the Arbitrator found that the *employees* the Company was utilizing for the disputed Construction Inspector work did not meet the definition of 'temporary employees' from the Agreement." Union Motion at 12 (emphasis added). This is simply untrue (and irrelevant). Putting aside whether the Adecco construction inspectors were actually employees of the Company (a disputed issue not before the arbitrator), the Award does not state merely that the Company is prohibited from assigning construction inspection work to the Adecco construction inspectors. Rather, the Award states that the Company is "directed to cease and desist from violating the collective bargaining agreement by assigning the construction inspection work to [any] temporary, non-bargaining unit employees." Order at 23.

CONCLUSION

For all of these reasons and for the reasons set forth in plaintiffs' motion for judgment on the pleadings (incorporated herein), by her Award, the arbitrator: (a) exceeded her authority and

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03301

powers by deciding that the Company violated the Agreement by using temporary employees to perform construction inspection work because the only question submitted to her was whether the Company violated the collective bargaining agreement by using contractors to perform certain work, including construction inspection work; and (b) exceeded her powers, made a manifest error of law, substituted her own sense of industrial justice in place of the terms set forth in the Agreement, and issued an Award that is irrational and fails to draw its essence from the terms of the Agreement by disregarding or modifying an unambiguous provision of the Agreement providing that the Company may hire "temporary employees" to "fill temporary jobs *such as seasonal construction*" jobs.  Accordingly, the Union's motion to confirm that portion of the Award finding that the Company violated the Agreement by assigning construction inspection work to temporary employees and ordering the Company to cease and desist from assigning such work to temporary employees must be denied.

                                    Respectfully submitted,

                                    UNITIL CORPORATION AND NORTHERN UTILITIES, INC. D/B/A UNITIL

                                    By Their Attorneys,
                                    SULLOWAY & HOLLIS, P.L.L.C.

DATED:  April 7, 2017            By:   /s/ William D. Pandolph, Esq.
                                          William D. Pandolph, Esq.
                                          Edward M. Kaplan, Esq.
                                          9 Capitol Street
                                          Concord, NH 03301
                                          (603)224-2341
                                          e-mail:  wpandolph@sulloway.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2017.

DATED: April 7, 2017             By:   /s/ William D. Pandolph, Esq.
                                                     William D. Pandolph, Esq.