UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Unitil Corporation and Northern Utilities, Inc. d/b/a Unitil,<br>　　　　　*Plaintiffs*,<br><br>v.<br><br>Utility Workers Union of America, Local 341,<br>　　　　　*Defendant*. | §<br>§<br>§<br>§  Civil Action No. 2:16-cv-00443-JAW<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF PAUL F. KELLY
### (WITH INCORPORATED MEMORANDUM OF LAW)

Plaintiffs Unitil Corporation and Northern Utilities Inc. d/b/a Unitil (collectively the "Company") move to strike the Affidavit of Paul F. Kelly (the "Kelly Affidavit") filed by the Utility Workers Union of America, Local 341 on May 3, 2017. In support of its motion, the Company states as follows:

1. In this action, the Company contends that the arbitrator lacked authority to decide whether it could use temporary *employees* to perform construction inspection work because the stipulated issue before her was whether the Company violated the collective bargaining agreement by using *contractors* to perform certain work. As demonstrated by the Company in its prior pleadings, the question of whether it may use contractors to perform certain work is governed by completely different contractual provisions and legal principles than the question of whether it may use temporary employees to perform such work.

2. Per the Court's scheduling order (as amended), the parties filed motions for judgment on the pleadings on March 17, 2017 [Docs. 18 and 19] and objections on April 7, 2017 [Docs. 20 and 21]. The Company also filed a reply on April 21, 2017 [Doc. 22].

3. In its objection to the Company's motion, the Union improperly submitted certain unauthenticated documents [Docs. 20-1, 20-2, and 20-3].  The Union's objection also made reference to a "Kelly" affidavit (Opposition at 4), but, as the Company noted in its reply, no such affidavit was filed.  Moreover, as the Company further noted, neither the documents nor any such affidavit could be considered by the Court.  *See Sam Horse Corp. v. TQL Trading, Inc.*, 2014 U.S. Dist. LEXIS 131192, at **6-7 (C.D. Cal. Sept. 17, 2014) (a court may not consider a declaration or exhibit submitted with a motion for judgment on the pleadings).  *See also Sawyer v. United Parcel Service, Inc.*, 2014 U.S. Dist. LEXIS 22365, **11-12 (D. Me. Feb. 21, 2014) (granting motion to strike declaration and other materials "not attached to the complaint, or not expressly incorporated therein" in connection with a motion for judgment on the pleadings); *Brassring, Inc. v. HireAbility.com, LLC*, 2015 U.S. Dist. LEXIS 56156, *11 (D. Mass. April 28, 2015) (refusing to consider declaration filed in opposition to a motion for judgment on the pleadings).

4. Notwithstanding, without any explanation or motion, on May 3, 2017, the Union filed the Kelly Affidavit.  In addition to violating applicable rules regarding motions for judgment on the pleadings and being untimely, the Kelly Affidavit purports to do more than simply authenticate documents.  Rather, as with the Union's prior pleadings and briefs, it improperly tries to broaden and reframe the stipulated issue as being whether "non-represented persons" (rather than simply contractors) could perform construction inspection work.  Kelly Affidavit, ¶ 2.  In addition, the Kelly Affidavit improperly seeks to offer testimony about what occurred before and during the arbitration hearing.  Kelly Affidavit, ¶¶ 3-7.  For all these reasons, the Kelly Affidavit should be stricken from the record.

WHEREFORE, plaintiffs Unitil Corporation and Northern Utilities Inc. d/b/a Unitil respectfully request that the Court:

A. Strike and disregard the Kelly Affidavit and its attachments [Doc. 23, 23-1, 23-2 and 23-3]; and

B. Grant such other and further relief as may be just.

Respectfully submitted,

UNITIL CORPORATION and NORTHERN UTILITIES, INC. D/B/A UNITIL

By Their Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED: May 8, 2017        By:  /s/ William D. Pandolph, Esq.
                               William D. Pandolph, Esq.
                               Edward M. Kaplan, Esq.
                               9 Capitol Street
                               Concord, NH 03301
                               (603)224-2341
                               e-mail: wpandolph@sulloway.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 8, 2017.

DATED: May 8, 2017        By:  /s/ William D. Pandolph, Esq.
                               William D. Pandolph, Esq.