UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITIL CORPORTATION and<br>NORTHERN UTILITIES, Inc.<br>d/b/a/ UNITIL,<br><br>   Plaintiff,<br><br>  v.<br><br>UTILITY WORKERS UNION<br>OF AMERICA LOCAL 341,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  2:16-cv-00443-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO STRIKE**

In its application to vacate an arbitration award, the company referenced the documents actually admitted at the arbitration hearing. When the union produced one of those documents for the Court's consideration in pending cross-motions for judgment on the pleadings, the company objected and moved to strike. The Court concludes that the company's own spreadsheet, which was admitted before the arbitrator, was properly before the Court during the pendency of the cross-motions for judgment on the pleadings. However, since it was not necessary to consult those documents in order to rule in favor of the union, the Court dismisses as moot the company's motion to strike.

**I. BACKGROUND**

On November 21, 2016, the parties stipulated that each of the seven attachments that Unitil filed along with its Application to Vacate Arbitration Award are true and genuine copies of original documents central to the dispute between the

parties regarding whether to vacate or uphold an arbitrator's decision and award. *Stipulation of the Parties re Docs.* at 1-2 (ECF No. 13). The parties further stipulated that "[t]he Court may review and consider [them] in connection with any motions filed by the parties in this action, including any motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure." *Id.* at 2. These attached documents are: the collective bargaining agreement of the parties, the grievance form submitted by the Union, Unitil's response to the Union's grievances, the Union's demand for arbitration, the arbitrator's decision and award, Unitil's post-arbitration-hearing brief, and the Union's post-arbitration-hearing brief. *Appl. to Vacate Arbitration Award* Attachs. 1-7 (ECF No. 1).

In its response to Unitil's motion for judgment on the pleadings, the Union attached some additional documents: correspondence between the attorneys in which Unitil produced a spreadsheet of the hours the temporary employees worked as construction inspectors, a document that was admitted into evidence at the arbitration hearing. *Union's Opp'n to Unitil's Mot. for J. on the Pleadings* (ECF No. 20), Attachs. 1-3; *Aff. of Paul F. Kelly* (ECF No. 23). In its reply, Unitil objected to these documents in part on the ground that they were not properly authenticated. *Pl.'s Reply to Def.'s Obj. to the Pl.'s Mot. for J. on the Pleadings* at 3 (ECF No. 22) ("Putting aside that the Union inappropriately has submitted documents [Docs. 20-1, 20-2 and 20-3] (unauthenticated documents, at that) in connection with its motion for judgment on the pleadings"). In response to Unitil's concern about the fact the Union's attached documents were not authenticated, the Union filed an affidavit from

2

its attorney, authenticating the documents. *Aff. of Paul F. Kelly* (ECF No. 23), Attachs. 1-3.

Unsatisfied with the authenticating affidavit and the relevance of the documents in a motion for judgment on the pleadings, Unitil moved to strike Attorney Kelly's affidavit and the attached documents. *Pls.' Mot. to Strike Aff. of Paul F. Kelly* (ECF No. 24) (*Pls.' Mot.*). The Union responded on May 16, 2017. *Opp'n to Unitil's Mot. to Strike Aff. of Paul F. Kelly* (ECF No. 25) (*Union Opp'n*). Unitil argues that the affidavit and the attachments must be stricken because the Court may not properly consider them in connection with the cross-motions for judgment on the pleadings. *Pls.' Mot. for J. on the Pleadings* (ECF No. 19); *Mot. for J. on the Pleadings of Def. Utility Workers Union of America, Local 341* (ECF No. 18). It cites caselaw to support that proposition. *Pls.' Mot.* at 2. The Union contends that the documents, particularly the temporary employee spreadsheet, are properly before the Court. *Union Opp'n* at 1-3.

## II. DISCUSSION

The First Circuit has discussed what a trial court may consider in ruling on a motion for judgment on the pleadings. *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007). The First Circuit explained that "[a] Rule 12(c) motion implicates the pleadings as a whole." *Id.* (citing *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006)). Thus, a court is not limited solely to the allegations in the pleadings. A court may also consider "documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently

3

referred to in the complaint." *Id.* (quoting *Waterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (under Rule 12(b)(6))); *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006) (citations omitted) (in Rule 12(c) context, courts "may supplement the facts contained in the pleadings by considering documents fairly incorporated therein").

In its Complaint, Unitil made direct allegations as to the documents that were introduced into evidence at the arbitration hearing:

> At the arbitration hearing, the Company established, through documents and testimony, that (a) there is no provision in the Agreement prohibiting the Company from assigning work to contractors or that in any way restricts the Company's right to do so with respect to the work at issue; (b) several provisions in the Agreement both explicitly and implicitly authorize the assignment of work to contractors (*e.g.*, Exhibit A at 2 and 46); and (c) ambiguous and a "balancing test" is undertaken also supports the Company's use of contractors with respect to the subject work.

*Id.* ¶ 19. The Unitil Complaint therefore raised the question of what occurred at the arbitration hearing, including specifically referencing what documents were introduced before Arbitrator Wolfson.

In Attorney Kelly's affidavit, he represented that Unitil itself produced the spreadsheet attached to his affidavit, that the Union introduced the spreadsheet at the arbitration hearing, and that Unitil did not object to the admission of the spreadsheet at the time of the hearing. Furthermore, Arbitrator Wolfson appears to have made express reference to this document in her Award and Unitil attached her Award to its Complaint. *Compl.* Attach. 5, *Decision & Award* at 22 ("The records produced by the Employer show that McSheffery has continuously worked all twelve months of the year for the past three years") (ECF No. 1).

4

Unitil does not object to the authenticity of the documents attached to Attorney Kelly's affidavit, and it would be in a difficult position to do so, since it apparently produced the spreadsheet in response to Attorney Kelly's request. In these circumstances, the Court takes a dim view of Unitil's objection, and it concludes that, assuming authenticity is not contested, the documents attached to Attorney Kelly's affidavit, particularly the document actually admitted at the arbitration hearing, are "documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint." *Curran*, 509 F.3d at 44.

Nevertheless, in ruling on the cross-motions for judgment on the pleadings, the Court did not find it necessary to consider the spreadsheet and the other documents authenticated by Attorney Kelly's affidavit. The Court was able to rely only on the pleadings of the parties and the documents to which they stipulated. Given that the Court has granted judgment on the pleadings in favor of the Union without regard to the documents submitted by the Union to which Unitil objects, the Court dismisses Unitil's motion to strike as moot. *See Order on Cross-Motions for Judgment on the Pleadings* (ECF No. 26).

## III. CONCLUSION

The Court DISMISSES Plaintiffs' Motion to Strike as moot (ECF No. 24).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2017